J-S84008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAHEED M. STONE | |
| Appellant | No. 1472 EDA 2016 |

Appeal from the PCRA Order April 18, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008090-2008

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 11, 2017**

Appellant, Saheed M. Stone, appeals *pro se* from the order entered on April 18, 2016, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 30, 2009, a jury found Appellant guilty of possessing cocaine with the intent to deliver ("PWID").[1]  Prior to sentencing, the Commonwealth notified Appellant that, in accordance with the then-operable 18 Pa.C.S.A. § 7508(a)(3)(i), it intended to seek the imposition of the mandatory minimum sentence of three years in prison, as Appellant was found guilty of possessing 7.19 grams of cocaine with the intent to distribute.[2]  On October

---

[1] 35 P.S. § 780-113(a)(30).

[2] In accordance with **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), this Court subsequently held that 18 Pa.C.S.A. § 7508 was
*(Footnote Continued Next Page)*

* Former Justice specially assigned to the Superior Court.

2, 2009, the trial court sentenced Appellant to serve a term of six to 20 years in prison for his PWID conviction.

This Court affirmed Appellant's judgment of sentence on August 2, 2010 and, on March 16, 2011, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Stone***, 11 A.3d 1007 (Pa. Super. 2010) (unpublished memorandum) at 1-6, *appeal denied*, 20 A.3d 487 (Pa. 2011).

On March 27, 2012, Appellant filed his first PCRA petition and the PCRA court appointed counsel to represent Appellant in the proceedings. The PCRA court later denied Appellant's post-conviction collateral relief and, on April 8, 2013, this Court affirmed the PCRA court's order. Our Supreme Court denied Appellant's petition for allowance of appeal on September 12, 2013. ***Commonwealth v. Stone***, 75 A.3d 547 (Pa. Super. 2013) (unpublished memorandum) at 1-7, *appeal denied*, 74 A.3d 1031 (Pa. 2013).

On March 9, 2016, Appellant filed his second PCRA petition. As the PCRA court ably summarized:

> [Within Appellant's second PCRA petition, Appellant claimed that he was serving an illegal sentence, as he was sentenced pursuant to the now-unconstitutional mandatory minimum sentencing statute at 18 Pa.C.S.A. § 7508. Further, Appellant] implicitly acknowledge[d that his petition

*(Footnote Continued)* —————————————

unconstitutional. ***See Commonwealth v. Mosley***, 114 A.3d 1072 (Pa. Super. 2015).

- 2 -

was untimely]; however, he attempted to invoke the [newly recognized] constitutional right timeliness exception at [42 Pa.C.S.A. § 9545(b)(1)(iii), arguing that based upon the holding of **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718 (2016)], he is eligible [for] the retroactive application of [**Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013)]. . . .

[The PCRA court held that Appellant's petition was untimely] because **Montgomery v. Louisiana** had no bearing on [Appellant's] case[; indeed, **Montgomery** held that **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455 (2012) was] entitled to retroactive application [to] cases on collateral review. [Appellant] was neither a juvenile at the time of his crime [nor] was he sentenced to life imprisonment without parole. . . .

Accordingly, [the PCRA] court issued a pre-dismissal notice on March 15, 2016, notifying [Appellant] of [the PCRA] court's intention to dismiss his petition. . . . [Appellant] did not respond [to the notice and,] on April 18, 2016, [the PCRA] court issued a final order [dismissing Appellant's second PCRA petition].

PCRA Court Opinion, 7/6/16, at 2-3 (some internal capitalization omitted).

Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Eichinger**, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claim, we must determine if this petition is timely.

[The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at

the conclusion of direct review . . . or at the expiration of time for seeking review.

. . .

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. PCRA Court Opinion, 7/6/16, at 2-3. We agree. Appellant's judgment of sentence became final at the end of the day on June 14, 2011, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); ***see also*** U.S. Sup. Ct. R. 13.1. The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant had until June 14, 2012 to file a

timely PCRA petition. Since Appellant filed his current petition on March 9, 2016, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Copenhefer***, 941 A.2d 646, 649-650 (Pa. 2007), *quoting* ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's second PCRA petition, Appellant claims that his sentence is illegal because he was sentenced to a mandatory minimum term of incarceration under 18 Pa.C.S.A. § 7508 and, in ***Alleyne***, the United States Supreme Court effectively rendered Section 7508 unconstitutional. Moreover, Appellant claims that the United States Supreme Court's opinion in ***Montgomery v. Louisiana*** rendered ***Alleyne's*** holding retroactive to his case. ***See*** Appellant's Second PCRA Petition, 3/9/16, at 1-5.

Appellant's claim fails because **Montgomery** did not concern **Alleyne** at all. Rather, **Montgomery** concerned the retroactive application of **Miller v. Alabama** – and **Miller v. Alabama** held that the Eighth Amendment prohibited mandatory life sentences without parole for juveniles convicted of a homicide offense. **See Montgomery**, 136 S.Ct. at 725. In this case, Appellant was not a juvenile when he was convicted of the non-homicide offense of possession of cocaine with the intent to deliver, and Appellant did not receive a mandatory sentence of life in prison without the possibility of parole. Thus, neither **Montgomery** nor **Miller** apply to the case at bar.

Further, any claim under **Alleyne** immediately fails, as Appellant did not raise his **Alleyne** claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[3] Rather, the first time Appellant raised his **Alleyne** claim was in his March 9, 2016 PCRA Petition – which was over two years after the United States Supreme Court decided **Alleyne**.[4] **See** Appellant's Second PCRA Petition, 3/9/16, at 1-5. Thus,

_____

[3] Moreover, neither the United States Supreme Court nor our Supreme Court has held that **Alleyne** applies retroactively to cases on collateral review. As such, for this independent reason, **Alleyne** does not satisfy the newly-recognized constitutional right exception set forth at § 9545(b)(1)(iii). **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) ("This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases").

[4] The United States Supreme Court decided **Alleyne** on June 17, 2013.

Appellant failed to properly plead the newly-recognized constitutional right exception to the PCRA's one-year time-bar. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) ("[w]ith regard to [the newly-]recognized constitutional right [exception], . . . the [60-]day period begins to run upon the date of the underlying judicial decision").

Since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[5] *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017

---

[5] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in *Commonwealth v. Fahy*, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).